## SQUIRE v GATCH

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 17533. Decided June 24, 1940

E. S. Lindemann, Esq., Cleveland, for plaintiff-appellant.

E. S. Wertz, Esq., Wooster, for defendant-appellee.

## OPINION

By LIEGHLEY, J.

The plaintiff instituted an action in the court below to recover double or superadded liability under the Banking Act. The petition contains two causes of action. In the first, the plaintiff seeks to recover a judgment against the defendant as executor. In the second, a judgment is sought against F. K. Gatch, as trustee.

Maria G. Bailey died in July, 1922, and F. K. Gatch was named in her last will and testament as executor and trustee. He qualified in August, 1922, as executor. Among the assets of her estate were certain ceertificates of stock in The Union Trust Company. In 1929, the defendant by request caused 224 shares of The Union Trust Company stock to be registered in the name of "F. K. Gatch, executor of the estate of Maria G. Bailey, deceased," and 120 shares in the name of "Maria G. Bailey, c/o F. K. Gatch."

Defendant claims there can be no recovery under the first cause of action for the reason that the sections of the Probate Court relating to presentment and rejection of claims were not complied with, and that for that reason the claim is barred. The plaintiff concedes that the claim is barred under the first cause of action if the sections of the Probate Code control.

The plaintiff contends that the legal title to the shares of stock was registered in 1929 in the name of F. K. Gatch, Executor, and that the liability for any assessment of double liability thereafter made is direct and primary and payable under §8623-24 GC, and the particular facts and circumstances of this case.

As stated, legal title was transferred to the defendant executor in 1929. The bank became insolvent in February, 1933. The assessment by the Superintendent of Banks was not made until July 30, 1934. Plaintiff contends that, with the legal title in the defendant executor of record and the insolvency of the bank and the assessment of double liability in accordance with the Banking Code occurring thereafter, there is no legal requirement of presentment and rejection of claim under the Probate Code to entitle or give plaintiff a right of recovery.

The Superintendent gave the same legal required notice of the assessment to defendant executor as was required to be given to all other stockholders of record. He complied with the requirements of the Banking Act and gave the assessment notice to the legal owner of the stock of record. Further notice under the Probate Code by way of presentment would serve no useful purpose in expediting the administration of the estate which is one of the reasons assigned for the requirement of presentment. Further notice by presentment of claim would give this executor no additional information. He already had all such notice and information that all other stockholders of record had and were legally entitled to. The double liability was an expense incident to the administration of the estate.

There is abundant authority cited in the briefs to sustain the position of plaintiff in respect to the first cause of action and with this claim the writer hereof is in full accord.

By what authority did defendant cause the stock to be registered in his name as **Executor**? His authority does not appear. If he had authority, then this subsequent liability of the estate became direct and primary. If without authority, then this act must be deemed to have been done by virtue of the powers granted to him as trustee.

However, if there be doubt about the right of plaintiff to recover under the first cause of action, it seems to us certain that the plaintiff has a right to recover under the second cause of action against F. K. Gatch, Trustee. It is contended by the defendant that the executor at the time of the filing of this suit had not filed his final account and that the estate had not been closed. That the right of recovery, if any existed, was against the executor and not the trustee, and the claim against the executor being barred

by reason of the failure to comply with the Probate Code, the plaintiff is not entitled to recover a judgment in any event.

An examination of the will of the testatrix and particularly Item I, Item II, Item III and Item IV will disclose that these items contain specifically expressed directions and duties for the executor to perform and follow as such executor.

Item V is confined to the duties and directions imposed by the testatrix upon the named trustee. By the terms of this Item she gives complete and absolute control of the trust estate into the hands of her trustee, not her executor. The power to hold, transfer, sell, reinvest and handle in any discreet manner by her trustee is expressly conferred. The monthly and other payments to her beneficiaries are provided for and directions given.

The defendant Trustee began performance of his duties as such Trustee under this Item V, about one year after his appointment as executor. He began and has continued since the payments to the beneficiaries. He has sold property and transferred stocks and otherwise handled the estate in accordance with and by virtue of the exclusive and absolute control conferred by Item V.

The dozen or more partial accounts filed by the executor in the Probate Court are made up almost entirely by the enumeration of transactions had and acts done, authority for which could only be obtained by resort to the provisions of Item V of the Will. These accounts recite performances and acts done that as executor he would have no authority to do without prior express court approval, if at all. The power and authority for these transactions must be found in the Will and may only be found among those granted to her Trustee.

It is the provisions of the Will that sanctioned the payments made, the sales and loans made and the complete and exclusive dominion over the trust estate exercised and asserted by him since about 1923.

But it is contended by the defendant that the executor has not filed his final account and has not been discharged and has not qualified as Trustee under the provisons of the Probate Code.

It should be noted that the various provisions in the Probate Code, outlining the procedure for the qualications of a Trustee upon which the defendant relies, did not become effective until January 1st, 1932. This trust estate was created by the Will of the deceased effective upon her death in 1922 and these statutes relied upon by the defendant can have no application under the circumstances of the case.

It is asserted by the defendant that no bond was given by the trustee. No inference or implcation should or could arise under the facts of this case by reason of the failure to give bond by the trustee because of the very evident fact that no bond was required by the terms of the Will creating the trust and was expressly dispensed with by the Will.

It is our opinion that the defendant, F. K. Gatch assumed and undertook and in fact did act and serve as Trustee of this trust estate from the time in 1923 when he performed and undertook to perform the duties imposed by Item V of the Will. Some of these important duties could not have been performed by him as executor under the Will. No one objecting, he permitted matters to drift along under the name of the executor when in fact he was acting as trustee at all times in following the provisions and directions of Item V.

The defendant confirms this, our conclusion, by an allegation in his original answer in this action as follows:

"That defendant more than ten years before the filing of the petition discharged the duties imposed on him as executor of said Will but continues for the purpose as set out in the Will to act as a Trustee."

It is our opinion that the trust estate is the real, beneficial owner of the shares of stock upon which double liability was assessed and for which judgment is sought in the second cause of action and that █ judgment should have been rendered for the plaintiff against the defendant as trustee to be satisfied out of the assets of the trust estate.

MORGAN, J. concurs in judgment on the second cause of action, but expresses no opinion as to liability on first cause of action.

TERRELL, PJ., dissents.